[Crim. No. 6078.   Second Dist., Div. Two.   Mar. 20, 1958.]

THE PEOPLE, Respondent, v. HAROLD WESTON DEAN, Appellant.

574

H. W. Dean, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Carl Boronkay, Deputy Attorney General, for Respondent.

HERNDON, J.—Convicted of second degree robbery and sentenced to state prison, defendant appeals from the judgment and from the order denying his motion for a new trial. His contentions are: (1) that the trial court erred in allowing the filing of an amended information; (2) that there was no sufficient evidence of his guilt; (3) that the evidence does not support the jury's verdict that he was sane at the time the crime was committed; and (4) that the trial court erred in failing to poll the jury.

In the original information defendant was charged in one count with grand theft, a felony and, in an alternate count, with violation of section 503 of the Vehicle Code, a felony. Both counts charged the felonious taking of a certain automobile on January 30, 1957. At the time of arraignment, the public defender was appointed as counsel for defendant. Upon entry of pleas of not guilty and not guilty by reason of insanity, two doctors were appointed to examine defendant and report. The reports of these two doctors disclosing a difference of opinion, a third doctor was appointed.

At the time of trial, on motion of the district attorney, an amended information was filed charging appellant with the crime of robbery, in that on or about January 30, 1957, he did willfully, unlawfully, feloniously and by means of force and fear take from the person, possession and immediate pres-

ence of one Harold Burne, a 1953 Mercury automobile, of the value of One Thousand Five Hundred Dollars. At arraignment on the amended information, defendant entered a plea of not guilty.

In a jury trial, a verdict of guilty of second degree robbery was returned. With the court's permission, defendant thereupon entered the further plea of not guilty by reason of insanity. A trial of this issue resulted in a verdict that defendant was sane at the time the crime was committed. The judgment of conviction was entered and defendant was thereafter sentenced to state prison, the sentence to run consecutively to a sentence pronounced in another case in which probation was revoked.

No error has been shown in the order allowing the filing of the amended information. Section 739 of the Penal Code has been interpreted to authorize the district attorney to charge by information the commission of any offense disclosed by the evidence taken at the preliminary proceeding even though such offense is not specified in the order of commitment, provided the offense charged is related to the transaction which was the basis for the commitment order. (*Parks* v. *Superior Court,* 38 Cal.2d 609, 611-613 [241 P.2d 521]; *People* v. *Bird,* 212 Cal. 632, 636, 642-643 [300 P. 23]; *People* v. *Malowitz,* 133 Cal.App. 250, 260 [24 P.2d 177].)

It is entirely clear from the record before us that precisely the same transaction which was the basis for the commitment order provided the elements of the crime of which defendant was convicted. While the transcript of the preliminary proceeding has not been included in the record on this appeal, enough of the testimony given in that proceeding is quoted in the reporter's transcript to demonstrate the correctness of the court's ruling.

Defendant asserts that the committing magistrate found the evidence presented at the preliminary examination insufficient to justify holding him for robbery. Although the record does not support this assertion, we may assume its truth for the purposes of this appeal. As stated in *Parks* v. *Superior Court, supra,* 38 Cal.2d 609, 613-614, "the district attorney might include a related offense although the magistrate concluded impliedly or otherwise that the evidence did not show probable cause that such offense had been committed."

To the same effect is *People* v. *Shutler,* 15 Cal.App.2d 704, 709 [59 P.2d 1050]. Where the record of the preliminary proceeding is not before the appellate court, it will not be

presumed that the trial court erred in allowing the filing of an amended information, but on the contrary, it will be presumed that the evidence taken at the preliminary examination was such as to show the offense to have been committed as charged in the amended information. (*People* v. *Cryder*, 90 Cal.App.2d 194, 200 [202 P.2d 765] ; *People* v. *Shutler*, *supra*, 15 Cal.App.2d 704, 709; *People* v. *Thal*, 61 Cal.App. 48, 52 [214 P. 296].)

The lack of merit in defendant's contention with respect to the sufficiency of the evidence will be demonstrated by a brief summary of the uncontradicted testimony. On the evening of January 30, 1957, Mr. Harold H. Burne, an automobile salesman, was attending his employer's used car lot at Figueroa Street in Los Angeles. At approximately 8 p. m. the defendant came to the lot and had a conversation with Mr. Burne regarding the automobiles on the lot. Defendant inquired about a certain 1953 Mercury automobile and asked for a demonstration. Mr. Burne said they never demonstrated at night. Defendant remained on the lot for a few minutes and just before leaving said he probably would return the next day for a demonstration. About a half hour later defendant returned. Mr. Burne was standing next to the 1953 Mercury automobile and defendant said, ''Now let's take that ride.'' When Mr. Burne refused, defendant said, ''Well, you will take a ride or get a slug in your guts.'' Defendant gave the appearance of having a gun. He had his hand in his coat pocket and pointed something at Mr. Burne. The latter, believing defendant had a gun in his pocket, ran around the automobile and across the street to his company's main store. There he had the police called and he observed the defendant drive the 1953 Mercury off the lot and out of sight.

Defendant was arrested by sheriff's deputies at Vista, San Diego County, on February 7, 1957. He was standing six or eight feet from the 1953 Mercury automobile at the time. While transporting the defendant to jail in Oceanside, the deputies had a conversation with him during which he stated he took the car in a robbery in a Los Angeles used car lot.

Defendant was turned over to officers of the Los Angeles Police Department and transported to the Los Angeles Central Jail. While enroute from San Diego to Los Angeles, defendant, in response to interrogation, stated he had taken a car from a used car lot; he had not used a weapon; the used car salesman was scared and ran; he sold the car radio to buy some gasoline; he took the automobile in order to get picked

up by the police because he needed some help and needed to be put in a hospital.

Penal Code, section 211, defines robbery: "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Penal Code, section 211a, provides: "All robbery which is perpetrated by torture or by a person being armed with a dangerous weapon is robbery in the first degree. All other kinds of robbery are of the second degree."

The sufficiency of the evidence to prove the elements of second degree robbery is beyond reasonable question. Defendant's threat to shoot the salesman who was in charge of the premises and the pretended resort to a gun certainly were well calculated to produce fear. Thus when the salesman retreated in fear of serious bodily harm defendant was enabled to accomplish the unlawful taking. The finding of the jury that the robbery was of the second degree obviously reflected their doubt whether defendant was in fact armed with a dangerous weapon.

■ The jury's verdict on the sanity issue is likewise well supported by the evidence. On the trial of the issue raised by the plea of not guilty by reason of insanity there is a rebuttable presumption that the accused was sane at the time the crime was committed. (*People* v. *Chamberlain,* 7 Cal.2d 257, 260 [60 P.2d 299]; *People* v. *Leong Fook,* 206 Cal. 64, 67, 70 [273 P. 779]; *People* v. *Hickman,* 204 Cal. 470, 477 [268 P. 909, 270 P. 1117].) The accused has the burden of proving his insanity by a preponderance of the evidence. (*People* v. *Daugherty,* 40 Cal.2d 876, 901 [256 P.2d 911]; *People* v. *McLachlan,* 13 Cal.2d 45, 55 [87 P.2d 825].) The evidence of insanity presented by the accused must outweigh the prosecution's evidence (including the presumption of sanity) not in number of witnesses or quantity of evidence, but in its effect on the jury. (*People* v. *Williams,* 184 Cal. 590, 593-594 [194 P. 1019]; *People* v. *Miller,* 171 Cal. 649, 652 [154 P. 468]; Code Civ. Proc., § 2061, subd. 2.) ■ The finding of the trier of fact upon the issue of insanity cannot be disturbed on appeal if there is any substantial and credible evidence in the record to support such finding. (*People* v. *Greig,* 14 Cal.2d 548, 553, 557 [95 P.2d 936].)

■ As to the question whether defendant was sane at the time the crime was committed, the opinion of the psychiatrist

called by defendant was opposite to that of the qualified expert called by the prosecution. As indicated by the authorities cited above, the jury's finding, supported both by the presumption and other substantial evidence, is immune from successful attack.

The final contention that the court erred in failing to poll the jury is without merit because defendant not only failed to request a polling of the jury, but expressly and unequivocally waived it. (Pen. Code, § 1163.)

The judgment and order are affirmed.

Fox, P. J., and Kincaid, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.