[Crim. No. 6286.   Second Dist., Div. Three.   Sept. 4, 1958.]

THE PEOPLE, Respondent, v. WILLIAM THOMAS, Appellant.

William Thomas, in pro. per., for Appellant.

No appearance for Respondent.

SHINN, P. J.—This is an appeal from an order denying a petition for writ of error *coram nobis*.

An information was filed against appellant in 1954, charging him in Count I with the attempted robbery of Manuel Earl Johnson on November 18, 1954, and in Count II with assaulting Johnson with a deadly weapon on the same date. December 17, 1954, appellant made a motion to dismiss Count I under section 995 of the Penal Code; at the same time, he entered a plea of not guilty as to Count II. December 22, 1954, Thomas withdrew his motion to dismiss Count I and entered a plea of not guilty. He was represented at the trial by a deputy public defender. Trial was to a jury which found him not guilty on Count I but found him guilty on Count II. Probation was denied and Thomas was sentenced to state prison for the term prescribed by law. Judgment was rendered March 24, 1955.

March 18, 1958, the instant petition was filed, setting forth as grounds for issuance of the writ that appellant was bound over by the committing magistrate only upon the charge of attempted robbery (Count I), of which he was subsequently acquitted; that the charge of assault with a deadly weapon (Count II), of which he was convicted, "had never been before a committing magistrate"; and that Count II was dismissed by the court under Penal Code, section 995, prior to his trial. The court below denied the petition, but the record does not disclose the ground or grounds for the ruling.

Upon application of appellant for appointment of counsel, this court referred the matter to the Los Angeles Bar Association Committee on Criminal Appeals for report to the court as to possible merit in the appeal. The matter was assigned to a member of the committee who has made written report to the court stating that the record had been examined and that in the opinion of the attorney it disclosed no meritorious ground of appeal. After we had examined the record the request for appointment of counsel was denied. Appellant was duly so advised and his time to file a brief was substantially extended. No brief has been filed. In accordance with our practice we have made a thorough study of the record.

In our opinion the writ was properly denied. In order to present a meritorious application for vacation of a judg-

ment there must be a strong showing of the existence of some fact which was unknown to the applicant at the time of trial and which could not have been ascertained by him in the exercise of reasonable diligence, and the fact must be one which, if it had been known, would have prevented the rendition of the judgment. (*People* v. *Adamson,* 34 Cal.2d 320, 326-327 [210 P.2d 13], and cases cited.) With respect to appellant's allegation that Count II of the information was dismissed prior to the trial, the record affirmatively discloses that Thomas made a motion to dismiss Count I, which he subsequently withdrew, and that he did not move to dismiss Count II.

With respect to the allegation that Count II ''had never been before a committing magistrate,'' it appears from the record that a complaint was issued, containing but one count, namely, attempted robbery, and that after a preliminary hearing, appellant was held to answer by the magistrate. The information subsequently filed by the district attorney alleged the one count of attempted robbery and an additional count of assault with a deadly weapon. However, these facts, standing alone, furnish no basis for relief from the judgment.

Section 739 of the Penal Code, enacted in 1951, provides in material part: ''When a defendant has been examined and committed, as provided in Section 872, it shall be the duty of the district attorney of the county in which the offense is triable to file in the superior court of that county within 15 days after the commitment, an information against the defendant *which may charge the defendant with either the offense or offenses named in the order of commitment or any offense or offenses shown by the evidence taken before the magistrate to have been committed. . . .''* (Emphasis added.) The statute authorizes the district attorney to charge by information the commission of any offense disclosed by the evidence taken at the preliminary hearing even though such offense is not specified in the commitment, provided the offense charged is related to the transaction which was the basis for the commitment order. (*People* v. *Dean,* 158 Cal.App.2d 572, 575 [322 P.2d 929], and cases cited.)

Each count of the information filed by the district attorney alleged the commission of an offense against Manuel Johnson on November 18, 1954. Appellant has made no showing that the offenses were unrelated, or involved separate transactions, or that the evidence at the preliminary hearing was insufficient to warrant the magistrate in a reasonable

belief that he was guilty of assaulting Johnson with a deadly weapon, as charged in the second count.

The facts alleged in the petition were wholly insufficient to justify a disturbance of the judgment. ▮ The petition could also properly have been denied upon the ground that there was no showing of any cause or excuse for the delay of three years in making the application. (*People* v. *Rodriguez,* 143 Cal.App.2d 506 [299 P.2d 1057].)

The order is affirmed.

Wood (Parker), J., and Vallée, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 3, 1958. Shenk, J., was of the opinion that the petition should be granted.