[Crim. No. 3642.   First Dist., Div. One.   Oct. 20, 1959.]

THE PEOPLE, Respondent, v. DE RAY POE, Appellant.

' Assigned by Chairman of Judicial Council.

Irving F. Reichert, Jr., under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Clarence A. Linn, Assistant Attorney General, and Joseph I. Kelly, Deputy Attorney General, for Respondent.

BRAY, P. J.—Defendant was convicted by the court, a jury having been waived, of three counts of violation of Health and Safety Code section 11500, (1) sale of heroin on Septem-

ber 11, 1958, (2) sale of amidone on September 15, and (3) sale of amidone on September 16. The court found two prior convictions, violating sections 11721 and 11715, Health and Safety Code.

## QUESTIONS PRESENTED

1. Sufficiency of the evidence: Lack of corroboration of narcotics agent and discrepancy in hour of sale under count 1.

2. Variance as to the character of the narcotic between testimony at the preliminary examination and charge in information.

### 1. *Evidence.*

Jess A. Ojeda, an inspector with the California Bureau of Narcotic Enforcement, testified that on the dates charged he purchased from defendant at the Seaman's Union Hall the narcotics charged, detailing the circumstances.

There was no corroboration of his testimony concerning the sales as to the first two counts. Two other inspectors testified to seeing Ojeda and defendant together at the time and place specified by Ojeda, except that one of these inspectors placed the time involved in count 1 as 1 p. m. whereas Ojeda gave it as about 11 :45 a. m. One inspector saw Ojeda and defendant together at the time and place given by Ojeda as to the third count. This testimony, of course, was not sufficient to establish corroboration of Ojeda's testimony of the sales, if corroboration were required.

It is well settled that in a prosecution under Health and Safety Code, section 11500, the testimony of the prosecuting officer does not require corroboration. (*People* v. *Gebron* (1954), 124 Cal.App.2d 675, 676 [268 P.2d 1068] ; see also *People* v. *Castro* (1959), 167 Cal.App.2d 332, 336 [334 P.2d 602].) Defendant cites no cases to the contrary but refers to Ojeda's mistake at the preliminary examination as to the narcotic hereafter discussed and the difference in the time under the first count between that given by Ojeda and that by one inspector. Obviously, these were matters for the determination of the trial court whose determination is binding on this court. (*People* v. *Bryant* (1958), 157 Cal. App.2d 528, 534 [321 P.2d 45] ; *People* v. *McCrasky* (1957), 149 Cal.App.2d 630, 635 [309 P.2d 115].)

### 2. *Variance.*

Ojeda testified that on the second purchase he was given amidone when he had expected heroin. On the third

occasion he complained to defendant that the latter had not given him "smack." Ojeda said that "smack" was a term for heroin. It then developed that at the preliminary examination Ojeda had testified that "smack" meant marijuana and that the district attorney had stated that the chemist had told him that the substance obtained by Ojeda under the first count (People's Exhibit 1) was marijuana. Thereupon it had been stipulated that if the chemist were called he would testify that the substance was marijuana. At the trial Ojeda explained that if he had said "marijuana" at the preliminary examination it was a slip of the tongue because "smack" is a term used to refer to "heroin" and nothing else. At the trial, the chemist testified that People's Exhibit 1 was heroin.

Defendant contends that the court was without jurisdiction to try him on count 1 because the information charged him with selling heroin while the evidence at the preliminary examination dealt only with marijuana.

It is clear that as to this count the defendant was committed without probable cause. However, defendant did not seek his remedy. Section 995, Penal Code, provides that an information may be set aside if the defendant has been committed without probable cause. But section 996 clearly provides: "If the motion to set aside the indictment or information is not made, the defendant is precluded from afterwards taking the objections mentioned in the last section." ■ A section 995 motion has been described by the Supreme Court as "the exclusive method provided by law for challenging the legality of the commitment" and the failure to make such motion waives the objection of the insufficiency of the evidence at the preliminary examination. (*In re Berry,* 43 Cal.2d 838, 844 [279 P.2d 18].) Such a motion was not made. Defendant was represented at the time of plea by the public defender and at the trial by an attorney of his own choice. ■ After conviction defendant moved "for an arrest of judgment on the grounds ... that there is a difference between the proof at the preliminary hearing and the pleading." Such a motion cannot be considered as a substitute for a section 995 motion, which must be made prior to the trial and entry of the plea. (*People* v. *Ahern,* 113 Cal.App.2d 746, 750 [249 P.2d 63].) Counsel practically concedes that defendant waived his objection for he states: "*Despite the existing law on the subject, it is urged that the trial court had no jurisdiction to proceed ...*" (Emphasis added.)

Under the circumstances and in view of the fact that the information and the proof at the trial were consistent, the inconsistency between the proof at the preliminary and the information cannot form the basis for reversal of defendant's conviction as to the first count. The evidence was amply sufficient as to all counts.

The judgment is affirmed.

Tobriner, J., and Foley, J. pro tem.* concurred.

*Assigned by Chairman of Judicial Council.