[L.A. No. 29840. In Bank. Apr. 27, 1971.]

CHARLES EDWARD JONES, Petitioner, v.
THE SUPERIOR COURT OF
SAN BERNARDINO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

[L.A. No. 29841. In Bank. Apr. 27, 1971.]

HAL JOSEPH BEHRMAN, Petitioner, v.
THE SUPERIOR COURT OF
SAN BERNARDINO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

(Consolidated Cases.)

**COUNSEL**

Charles E. Ward, Public Defender, William R. McVay, Deputy Public Defender, and John F. Ingro for Petitioners.

No appearance for Respondent.

Lowell E. Lathrop, District Attorney, Joseph A. Burns and John Arden, Deputy District Attorneys, for Real Party in Interest.

## Opinion

**BURKE, J.**—Petitioners seek prohibition to prevent the superior court from taking further proceedings on an information filed against them. We have concluded that prohibition should issue for the reason that the information charges petitioners with offenses not specified by the committing magistrate nor shown by the evidence to have occurred.

On June 24, 1970, petitioners were charged by complaint with violations of Penal Code section 261, subdivision 4[1] (rape), section 288a (oral copulation, two counts), and section 286 (sodomy). The complaint alleged that all counts occurred on June 14, 1970, and involved Kathryn H. as the victim. Following petitioners' arrest and arraignment, a preliminary hearing was held in municipal court and evidence was introduced concerning these charges. The sole witness for the People was Miss H., who testified that she was 17 years old, and that petitioners drove her to an isolated area in San Bernardino County where she was handcuffed and where, against her will and for a period of three hours, acts of sexual intercourse, oral copulation and sodomy occurred. Miss H. also testified that petitioners were armed and that they displayed and discharged their firearms while these offenses took place.

Miss H. admitted that she had previously known petitioners, that she asked them to drive her to her mother's house, that during the alleged incident she agreed to dinner dates with them, and that afterwards she drove petitioners (who were asleep in the car) to their apartment. Miss H. was a school "dropout" and a drug user; she testified that she had previously been "raped" while on drugs by a boy whom she continued to date for several months thereafter. She also admitted having voluntary sexual intercourse with her present boyfriend. After the alleged incident with petitioners, Miss H. was examined by a doctor; however, according to Miss H. the doctor found no injuries, bruises or other evidence that an act of sexual intercourse had occurred.

Petitioners admitted that they each had sexual intercourse with Miss H. on the day in question, but denied that these acts took place without her consent, or that oral copulation or sodomy occurred.

At the conclusion of the hearing, the magistrate made the following findings: "Well, after listening for three different days to this, I believe that the girl went with them willingly for the purpose of having sexual intercourse in the mountains. I believe that that's why the two Defendants went; that the firing of the guns was incidental and provided a vehicle or an excuse for going. I don't believe there were any handcuffs there. I don't believe

---

[1] References are to the Penal Code prior to the 1970 amendments.

there was any force used upon the girl, and I didn't even suspect that it was used.

"I don't believe that 288(a) [oral copulation] took place. I don't believe that 286 [sodomy] took place."

The magistrate, however, ordered petitioners held to answer for the offense of "statutory" rape (Pen. Code, § 261, subd. 1), an offense not included in the original complaint, since the evidence showed that they engaged in sexual intercourse with Miss H., who had testified that she had not reached the age of consent. (See Pen. Code, § 872.)

Thereafter, the district attorney filed in superior court an information which again charged petitioners with rape, oral copulation and sodomy; the information did not, however, charge the crime of "statutory" rape. Petitioners moved to set aside the information in its entirety, pursuant to Penal Code section 995. The superior court denied the motion, and petitioners now seek prohibition from this court, contending that the information is invalid in that it charges the commission of offenses which were expressly rejected by the committing magistrate.

Section 8, article I, of the California Constitution provides that "Offenses heretofore required to be prosecuted by indictment shall be prosecuted by information, after examination and commitment by a magistrate, or by indictment, with or without such examination and commitment, as may be prescribed by law. . . ." Penal Code section 739 authorizes the district attorney to file in superior court, following the preliminary examination, "an information against the defendant which may charge the defendant with either the offense or offenses named in the order of commitment *or any offense or offenses shown by the evidence taken before the magistrate to have been committed. . . .*" (Italics added.)

■■ The cases have recognized that a literal construction of section 739 would bring it into conflict with the constitutional mandate which "protects a person from prosecution in the absence of a prior determination by either a magistrate or a grand jury that such action is justified." (*Parks* v. *Superior Court,* 38 Cal.2d 609, 611 [241 P.2d 521]; see *People* v. *Bartlett,* 256 Cal.App.2d 787, 790-791 [64 Cal.Rptr. 503]; *People* v. *Saldana,* 233 Cal.App.2d 24, 28-29 [43 Cal.Rptr. 312]; *Mulkey* v. *Superior Court,* 220 Cal.App.2d 817, 819-820 [34 Cal.Rptr. 121].) Accordingly, the rule has developed that an information which charges the commission of an offense not named in the commitment order will not be upheld unless (1) the evidence before the magistrate shows that such

offense was committed (Pen. Code, § 739), and (2) that the offense "arose out of the transaction which was the basis for the commitment" on a related offense. (*Parks* v. *Superior Court, supra,* 38 Cal.2d 609, 614; see *People* v. *Chimel,* 68 Cal.2d 436, 443 [67 Cal.Rptr. 421, 439 P.2d 333], revd. on other grounds, 395 U.S. 752 [23 L.Ed.2d 685, 89 S.Ct. 2034]; *People* v. *Downer,* 57 Cal.2d 800, 809-810 [22 Cal.Rptr. 347, 372 P.2d 107]; *People* v. *Evans,* 39 Cal.2d 242, 249 [246 P.2d 636].)

■ The foregoing rule has been applied to uphold the addition of an offense unnamed in the commitment order even though the magistrate has expressly or impliedly concluded that the evidence failed to show probable cause that the offense had been committed. (*Parks* v. *Superior Court, supra,* 38 Cal.2d 609, 613-614; *People* v. *Bird,* 212 Cal. 632, 644-645 [300 P. 23] [magistrate rejected murder count, but upheld manslaughter count; information upheld charging murder]; *People* v. *Horton,* 191 Cal.App.2d 592, 597 [13 Cal.Rptr. 33] [magistrate rejected sex perversion count, but upheld counts for statutory rape; information for former offense upheld]; *People* v. *Warren,* 163 Cal.App.2d 136, 141 [328 P.2d 858]; *People* v. *Dean,* 158 Cal.App.2d 572, 575 [322 P.2d 929]; *People* v. *Sturman,* 56 Cal.App.2d 173, 177-178 [132 P.2d 504].)

Thus, in *Parks,* defendant was charged by complaint with two counts of grand theft and one count of writing a bad check. The magistrate discharged defendant as to both grand theft counts but held him to answer the latter charge; the district attorney, however, filed an information charging all three offenses. This court held that defendant was not properly charged with one of the grand theft offenses since it was unrelated to the transaction on which the commitment order was based. However, as to the second grand theft count, we stated "As indicated herein the district attorney might include a related offense although the magistrate concluded impliedly or otherwise that the evidence did not show probable cause that such offense had been committed. The charges as to the theft of the lumber and the giving of a worthless check in payment thereof were related, arose out of the transaction which was the basis for the commitment and, depending on the evidence, could result in conviction of one charge or the other. The district attorney was therefore within his right to include the grand theft charge in the information if the necessary elements of that offense reasonably appeared from the evidence before the magistrate." (38 Cal.2d at pp. 613-614.)

■ The People contend that the information herein should be upheld under *Parks,* for the charges of rape, oral copulation and sodomy, though rejected by the magistrate, were transactionally related to the offense of "statutory" rape for which petitioners were ordered committed, and those

offenses were shown by Miss H.'s testimony to have occurred. We reject the People's position, for if *Parks* were so interpreted such a rule would circumvent the constitutional requirement (which *Parks* itself recognized and applied) that one may not be prosecuted in the absence of a prior determination of a magistrate or grand jury that such action is justified. Instead, we have concluded that Parks does not permit the district attorney to ignore material factual findings of the magistrate. Although the district attorney may, under *Parks,* challenge the magistrate's ultimate finding that the evidence is legally insufficient to show that the charged offense or offenses occurred, that challenge must be made within the context of the magistrate's findings on the evidence. For example, had the magistrate herein found that Miss H. did *not* consent to intercourse with petitioners, or made no finding on that issue, the district attorney might properly have disputed the magistrate's characterization of the offense involved as "statutory" rape, and included in the information a count for nonconsensual rape. However, since the magistrate found, as a matter of fact, that Miss H. consented to intercourse and that no acts of oral copulation or sodomy occurred, it follows that those offenses were not shown by the evidence to have been committed (Pen. Code, § 739), and should not have been included in the information.

The foregoing conclusion is substantiated by historical analysis. Prior to 1927, an information could only charge the offense or offenses named in the commitment order (See *People* v. *Bird, supra,* 212 Cal. 632, 637.) According to Witkin, "This limitation was regarded as an obstruction to efficient criminal procedure, for it prevented the district attorney from performing his proper function of charging a defendant on substantial evidence *merely because the committing magistrate mistakenly chose the wrong crime.* [Citations.]" (Italics added; Witkin, Cal. Criminal Procedure (1963), § 181, p. 171.) Thus, several cases prior to the *Parks* decision suggest that the purpose of the 1927 amendment to former Penal Code section 809 (now § 739) was to permit the district attorney to dispute the magistrate's erroneous designation of the offense shown by the evidence to have occurred, an error of *law,* not fact. (See *People* v. *Bird, supra,* 212 Cal. 632, 641-642; *People* v. *Sturman, supra,* 56 Cal.App.2d 173, 177; *People* v. *Dal Porto,* 17 Cal.App.2d 755, 758 [62 P.2d 1061, 63 P.2d 1199]; cf. 26 So.Cal.L. Rev. 455, 457.) However, no case has ever indicated that the amendment was intended to allow the district attorney to ignore the magistrate's findings of *fact* and charge the defendant with an offense or offenses which the magistrate has expressly found never took place.

More significantly, it is evident that were the People's contention accepted, it would render the preliminary examination procedure largely

meaningless, at least insofar as that procedure was designed to protect the accused from groundless or unsupported charges. ■ It is well established that the defendant at a preliminary examination has the right to examine and cross-examine witnesses for the purpose of overcoming the prosecution's case or establishing an affirmative defense. (*Jennings* v. *Superior Court,* 66 Cal.2d 867, 875-880 [59 Cal.Rptr. 440, 428 P.2d 304]; Pen. Code, §§ 865, 866.) ■ Moreover, it is clear that it is the responsibility of the committing magistrate to weigh the evidence, resolve conflicts and give or withhold credence to particular witnesses. ■ "The credibility of witnesses at the preliminary examination, of course, is a question of fact within the province of the committing magistrate to determine, and neither the superior court nor an appellate court may substitute its judgment as to such question for that of the magistrate. [Citations.] The magistrate is not bound to believe even the uncontradicted testimony of a particular witness, especially where the statements are self-serving and the magistrate has reason to believe that other testimony of the witness is untruthful." (*De Mond* v. *Superior Court,* 57 Cal.2d 340, 345 [19 Cal. Rptr. 313, 368 P.2d 865]; see *Perry* v. *Superior Court,* 57 Cal.2d 276, 283-284 [19 Cal.Rptr. 1, 368 P.2d 529]; *People* v. *Superior Court,* 271 Cal.App.2d 338, 344 [76 Cal.Rptr. 712].)

■ In the instant case, petitioners chose to exercise their rights to cross-examine the People's witness and to offer contrary evidence of their own. After three days of testimony, the magistrate resolved various conflicts in petitioners' favor, withholding credence to the testimony of Miss H. Nevertheless, the People suggest that we should ignore the magistrate's determination and uphold the information herein on the grounds that petitioners were held to answer for the related offense of "statutory" rape, and since "the testimony of Miss H. . . . at the preliminary hearing . . . reveals ample evidence in support of the charges which have been filed in the subject information."

A similar contention was recently rejected by this court in *Jennings* v. *Superior Court, supra,* 66 Cal.2d 867, 880, wherein the People urged that error in limiting a defendant's right of cross-examination was not prejudicial since the evidence presented was sufficient to show probable cause to hold defendant to answer. As we stated in *Jennings,* "If this view were correct, of course, any cross-examination or testimony on behalf of the defendant would become superfluous. To accept the People's argument would be in effect to erase sections 865 and 866 from the books and reduce the preliminary hearing to an ex parte proceeding at which the defendant's presence would be a meaningless gesture. ■ In *People* v. *Elliott* (1960) . . . 54 Cal.2d 498, 504 [6 Cal.Rptr. 753, 354 P.2d 225], we reiterated,

'The preliminary examination is not merely a pretrial hearing. "The purpose of the preliminary hearing is to weed out groundless or unsupported charges of grave offenses, and to relieve the accused of the degradation and expense of a criminal trial. Many an unjustifiable prosecution is stopped at that point where the lack of probable cause is clearly disclosed." [Citation.]' Accord, *Mitchell* v. *Superior Court* (1958) . . . 50 Cal.2d 827, 829 [330 P.2d 48].) To effectuate this constitutional and statutory purpose the defendant must be permitted, if he chooses, to elicit testimony or introduce evidence tending to overcome the prosecution's case or establish an affirmative defense."

In the instant case, petitioners were able to convince the magistrate that they did not commit the offenses charged in the complaint. To permit the district attorney to include those same charges in the information would utterly defeat the purpose of the preliminary hearing to "weed out" groundless charges, and would render nugatory the important rights which this court was so careful to preserve in *Jennings*.

Let a peremptory writ of prohibition issue restraining further proceedings against petitioners.

Wright, C. J., McComb, J., Peters, J., Tobriner, J., Mosk, J., and Sullivan, J., concurred.