[Civ. No. 48487. First Dist., Div. Three. Jan. 30, 1980.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF MONTEREY
COUNTY, Respondent;
DALE CLAYTON GIBSON, Real Party in Interest.

**COUNSEL**

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, John T. Murphy and Eugene W. Kaster, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Michael A. Manlin, Miller & Sincoff for Real Party in Interest.

**OPINION**

WHITE, P. J.— By this petition the People challenge a Monterey County Superior Court ruling which dismissed a kidnaping charge

and removed the "special circumstance" allegations from a first degree murder prosecution against Dale Clayton Gibson. In ruling in Mr. Gibson's favor on his Penal Code section 995 motion to dismiss the kidnaping charge and strike the special circumstances, the trial court did not evaluate the evidence independently, but found itself bound by what it characterized as "factual determinations" of the magistrate. We have concluded that it was not so bound and that the writ should issue in order to permit a redetermination of Mr. Gibson's motion.

The purported "factual determinations" of the magistrate consisted of the following comments made at the conclusion of the preliminary hearing: "Now, as far as Mr. Gibson is concerned, the only evidence we have on Mr. Gibson is the fact that there is a body out there, that it's his wife, and she's been shot, apparently, with a high velocity projectile and that it went through her skull and killed her. From that point on, all we have is oral admissions of the defendant and, of course, they are to be viewed very carefully. One, there are two witnesses that are very doubtful in my mind whether they could be mistaken or their memories are very weak. There is [*sic*] enough witnesses to come in to indicate to me that Mr. Gibson did in fact say, 'I killed her.' There are other statements which are admissions as well which seem to indicate that yes, in fact, he did kill her. It's extremely weak. For the purposes of the preliminary hearing, it seems to me that there is enough to get it over the hurdle. Now, as far as the special circumstances, the fact that we have a body out there on the coast that's been killed by a high velocity projectile to the skull, I can't—I can't find from that any financial gain situation. I can't find from that any lying-in-wait situation. I can't find from that any kidnaping situation. I can't find any heinous, atrocious, and cruel killing and, of course, I can't tie in the last one with regards to the Enfield rifle. So, there is [*sic*] no special circumstances insofar as Mr. Gibson is concerned. As far as Count number II, the kidnapping, there's no evidence to show that Mr. Gibson in any way kidnapped his wife. So, it's just a nonspecial circumstance murder that I feel that Mr. Gibson is involved in."

In *Jones* v. *Superior Court* (1971) 4 Cal.3d 660 [94 Cal.Rptr. 289, 483 P.2d 1241], the Supreme Court made clear that if the magistrate makes specific factual findings adverse to the prosecution, it may not then refile in its information charges the magistrate's findings caused him to dismiss. ■ The rule and its converse were restated in *People* v. *Farley* (1971) 19 Cal.App.3d 215, 221 [96 Cal.Rptr. 478], as follows: "From the foregoing rationale we perceive the practical rule to be

that in cases where the magistrate makes factual findings which are fatal to the asserted conclusion that a particular offense was committed, the district attorney may not recharge that offense in the information. A clear example of this would be where the magistrate expresses disbelief of a witness whose testimony is essential to the establishment of some element of the corpus delicti.

"Where, however, the magistrate either expressly or impliedly accepts the evidence and simply reaches an ultimate legal conclusion therefrom —i.e., whether or not such evidence adds up to reasonable cause that the offense had been committed—such conclusion is open to challenge by inclusion in the information which action is thereafter subject to attack in the superior court under Penal Code section 995, and ultimately to appellate review." But the difficulties in applying the rules were noted in *Dudley* v. *Superior Court* (1974) 36 Cal.App.3d 977, 981 [111 Cal.Rptr. 797], where the court stated: "Our difficulty in finding clear guidance from the *Jones* opinion arises in part because of the unusually simple and clear-cut factual issue in that case, and the unusually specific finding made by the magistrate there. The *Jones* case depended upon the credibility of a single witness. The magistrate based his ruling upon the express finding that this witness did not tell the truth as to certain critical matters. In the case at bench, the magistrate's remarks leave considerable room for interpretation, as is often true of the impromptu statements of lawyers and judges."

The magistrate's comments in this case were a mixture of suggestions about his factual findings and statements about his conclusions concerning reasonable cause. The trial court attempted to guess which witnesses the magistrate found doubtful, and having made its guess felt bound by the magistrate's findings. But where guesswork is required to determine what the magistrate found, there is no finding worthy of the deference required by the *Jones* decision. When forced to guess in this manner the superior court may find itself determining reasonable cause on the basis of evidence the magistrate disbelieved and without reliance upon evidence the magistrate found persuasive. If it does this, it is neither reviewing the magistrate's determination of reasonable cause nor making an independent determination. In essence it is abdicating its review function in favor of detective work concerning the magistrate's actions.

We have concluded that Mr. Gibson's Penal Code section 995 motion was improperly granted as to both the kidnaping charge and the special

circumstance allegations and that the trial court should reconsider the motion without regard to the purported "findings" of the magistrate. We express no view concerning whether the record reveals reasonable cause to support the dismissed allegations.

We have reached our conclusions after full briefing by the parties. The result is clear. The court sees no purpose to be served by issuing an alternative writ, which would only cause further delay in the trial of Mr. Gibson. We therefore issue a peremptory writ in the first instance (Code Civ. Proc., § 1088; *San Diego Wholesale Credit Men's Assn.* v. *Superior Court* (1973) 35 Cal.App.3d 458 [110 Cal.Rptr. 657]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165]).

Let a peremptory writ of mandate issue, directing the trial court to vacate its order granting Dale Clayton Gibson's motion to dismiss and to reconsider the motion in light of the views expressed herein.

Feinberg, J., and Scott, J., concurred.