[No. B015909. Second Dist., Div. Six. July 7, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
CHRISTOPHER EDWARD BRAVOT, Defendant and Appellant.

**COUNSEL**

Corinne S. Shulman, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Robert R. Anderson and Robert C. Schneider, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

YEGAN, J.*—Christopher Bravot was convicted in a court trial of two counts of robbery with findings that he used a deadly weapon in the commission thereof (Pen. Code, §§ 211, 12022, subd. (a)[1]; counts I and II), felonious assault upon a peace officer engaged in the performance of his duties (§ 245, subd. (b), count III), misdemeanor battery upon another peace officer (§ 243, subd. (b), count IV), felonious escape by force and violence (§ 4532, subd. (b), count V), and two counts of second degree burglary (§§ 459, 460, counts VIII and IX). It was also determined that he previously suffered a serious felony conviction of residential burglary. (§§ 667, subd. (a), 1192.7, subd. (c)(18).) He was sentenced to state prison for an aggregate unstayed term of 14 years and appeals, contending: "I. The trial court erred in finding that defendant's escape was accomplished by means of force or violence; II. The trial court erred in imposing a five year enhancement for a prior second degree burglary; III. The trial court committed sentencing error in failing to set forth any reason for imposing a consecutive sentence as to count II."

■ When we view the whole record in the light most favorable to the *judgment* (see, e.g., *People v. Memro* (1985) 38 Cal.3d 658, 695 [214 Cal.Rptr. 832, 700 P.2d 446]), as opposed to certain of the trial court's contemporaneous *remarks,* we must conclude that appellant's first contention is without merit. After feloniously attacking two separate uniformed Oxnard police officers and being booked in the county jail therefor, appellant was transported to the emergency room at Ventura County Medical Center by Deputy Sheriff Kenneth Bailey. After appellant was examined and while Deputy Bailey was using the telephone, appellant, who was stark naked, ran by him. Deputy Bailey described the incident as follows: "As he ran

---

*Assigned by the Chairperson of the Judicial Council.

[1] All further statutory references are to the Penal Code unless otherwise specified.

past me and reached for the door, I got a grasp of his left wrist but I lost my grasp because there was blood and perspiration on his hand at that time and . . . so it basically slipped out of my grasp." "He jerked his wrist from my grip . . ." and ". . . ran through a glass window that's the main entrance way into the . . . public reception area to the emergency room . . ." and outside the hospital.

In finding appellant guilty of escape, the court said: "I'm going to make a record for you that appellate courts might want to take a look at because this is one of those rare cases where the issue can clearly be raised.

"I'm satisfied he's guilty of 4532(b) by means of force, but only because he fled through the plate glass window.

"I do not find that he knew he was fleeing or fled by force from any custodial person.

"He was—if that door had been open and he fled into the night, he would not have been guilty of by means of force.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"I don't know how I can make a better record for you than that.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"Perhaps we can get a case now on point in California that will be reported that will let us know what the rule is. I'm frankly surprised that that's the rule.

"I think that's clearly the law, at least as far as CALJIC goes. I'd instruct the jury in this manner.

"There's no question he—if using force by fleeing right through a plate glass door isn't force, then I don't know what is."

We do not view the trial court's remarks as an adverse factual finding against the People. (See, e.g., *Jones* v. *Superior Court* (1971) 4 Cal.3d 660 [94 Cal.Rptr. 289, 483 P.2d 1241].) It is beyond question that appellant escaped by the use of force *and* violence from Deputy Bailey at the hospital, and the record shows that the trial court did not discredit his testimony. "Knowledge" that he was escaping by force from any custodial person is

not an element of the offense, and we disagree with the trial court's statements to the contrary.

Even if the trial court's articulated rationale could be equated with an adverse factual finding thereby prohibiting affirmance of the judgment on this theory, the trial court expressly determined that appellant used force ". . . because he fled through the plate glass window." "[T]he words 'force' and 'violence' are synonymous and mean any wrongful application of physical force *against property* or the person of another." (CALJIC No. 7.31 (4th ed. 1979) italics added.) Section 4532, subdivision (b), speaks in general terms of "force or violence" and does not in any way indicate that it must be directed to a person. ▮ "Penal Code sections must generally be construed "'according to the fair import of their terms, with a view to effect its objects and to promote justice."'" [Citation.] Consistent with that general principle, appellate courts first examine the language of the code section to determine whether the words used unequivocally express the Legislature's intent. If no ambiguity, uncertainty, or doubt about the meaning of the statute appear, the provision is to be applied according to its terms without further judicial construction. [Citation.]" (*Morse* v. *Municipal Court* (1974) 13 Cal.3d 149, 156 [118 Cal.Rptr. 14, 529 P.2d 46]; see also *In re Atiles* (1983) 33 Cal.3d 805, 811 [191 Cal.Rptr. 452, 662 P.2d 910].) ▮ The words "force" and "violence" are not ambiguous or uncertain, and there is no doubt about the meaning of section 4532, subdivision (b). The "fair import" of these words and common sense compel the conclusion that "force" and "violence" may be utilized against property and most assuredly are used when one seeks freedom by running through a glass door.

Appellant's second contention is also without merit. Contrary to appellant's claim, the probation report shows that the prior burglary was actually committed on June 21, 1982, after the effective date of Proposition 8. (*People* v. *Smith* (1983) 34 Cal.3d 251, 257-263 [193 Cal.Rptr. 692, 667 P.2d 149].) As expressly articulated by the sentencing judge, appellant ". . . admitted to committing a residential burglary . . ." on October 27, 1982, i.e., at a time when such an admission precluded a grant of probation except in unusual cases. (Former § 462, subd. (a).) Such an admission cannot be deemed "surplusage" within the meaning of *People* v. *Crowson* (1983) 33 Cal.3d 623, 634 [190 Cal.Rptr. 165, 660 P.2d 389], and *People* v. *Anaya* (1986) 179 Cal.App.3d 828, 834 [225 Cal.Rptr. 51], so holds. ▮ Like the instant case, "[i]n a post-Proposition 8 case, . . . an allegation that a burglary involved entry into a residence is not a superfluous allegation. Even if the case involved the first serious felony charge against the defendant, proof of the residential character of the burglary would expose defendant to an enhanced punishment if he committed a later serious crime. Consequently, admissions or findings that a burglary was of a residence, established

on the record of the conviction, could be used in a later proceeding to prove that the defendant had previously been convicted of a serious felony." (*People* v. *Jackson* (1985) 37 Cal.3d 826, 836, fn. 14 [210 Cal.Rptr. 623, 694 P.2d 736].)

Appellant's final contention is also without merit. Although the record is not free from ambiguity, when the court's comments are viewed in context, it is apparent that it selected a consecutive sentence on count II, robbery with use of a deadly weapon, ". . . because the robbery was separate and distinct, separate and distinct victims and objectives from those offenses mentioned in Counts 3 and 5. [¶] The Court orders *that* as and for the offense mentioned in Count 2 . . . ." (Italics added.) This articulation is consistent with California Rules of Court, rule 425(a)(1), (2) and (3). ■ Articulation of one criterion for the imposition of a consecutive sentence is sufficient. (See *People* v. *Covino* (1980) 100 Cal.App.3d 660, 670 [161 Cal.Rptr. 155].) ■ Even if the record could be read as appellant suggests, remand is not here appropriate and would result in an exaltation of form over substance. (See *People* v. *Blessing* (1979) 94 Cal.App.3d 835, 839 [155 Cal.Rptr. 780].) Given the trial court's remarks, e.g., that appellant was a "sociopath" and a "menace to this society," it is a virtual certainty that he would be sentenced consecutively upon remand. It is not reasonably probable that a result more favorable to appellant would be reached, and there was no miscarriage of justice. (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243]; *People* v. *Wright* (1982) 30 Cal.3d 705, 714 [180 Cal.Rptr. 196, 639 P.2d 267]; see also *People* v. *Reynolds* (1986) 178 Cal.App.3d 407, 420 [223 Cal.Rptr. 691].)

Judgment is affirmed.

Gilbert, Acting P. J., and Abbe, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 17, 1986.