(January 31, 1894.)

## WILLMAN v. DISTRCT COURT, ETC.

[35 Pac. 692.]

PRACTICE—PROHIBITION.—Writ of prohibition does not lie to arrest the action of a district court upon a mere question of pleadings.
(Syllabus by the court.)

Original proceeding in Supreme Court. Petition for writ of prohibition.

A. F. Montadon, for Petitioner.

J. J. Burt, of Counsel.

No briefs on file in this case.

HUSTON, C. J.—Petitioner commenced an action in the district court for Alturas county against S. M. Friedman for the recovery of amounts alleged to be due and owing from defendant to plaintiff upon certain notes and accounts. Attachment was issued and levied upon property of defendant. A motion to dissolve the attachment was sustained by the court, and thereupon plaintiff amended his complaint, claiming to have it changed into "a bill in equity for the foreclosure of what the court below held to be an equitable mortgage covering certain real estate." To the amended complaint of plaintiff, defendant filed an answer and cross-complaint, claiming damages for the alleged wrongful and unlawful issuance and levy of the attachment aforesaid. To this answer and cross-complaint of defendant, plaintiff filed a general demurrer, which was overruled by the court. Plaintiff now petitions this court for a writ of prohibition, to be directed to said district court, commanding said court to desist from further proceedings upon said cross-complaint in said action. Section 4994 of the Revised Statutes of Idaho, defining the office and purposes of a writ of prohibition, says: "It arrests the proceedings of any tribunal, corporation, board or person, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person"; and section 4995 provides for its issuance "in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law." It is claimed by counsel for petitioner that this is a proper case for the invocation of the extraordinary writ of prohibition, because the plaintiff in the pending action has not a speedy and adequate remedy by the provisions of law in appeal, and counsel have furnished us with quite a lengthy written argument in support of this theory. There is much of history and reminiscence in the brief of counsel, but we fail to find reference to a single precedent or principle, nor have we been able to find any, which would warrant this court in arresting the action of the district court upon a simple question of

pleadings.   The ruling of the district court may or may not be correct, but the law provides a "plain, speedy and adequate" means of testing that question by appeal.   It never was the intention or meaning either of the common law or the statute that writs of prohibition or *habeas corpus* should take the place of appeals.   We are not at all in accord with counsel's idea of what constitutes an "adequate remedy."   The adequacy of a remedy is not to be tested by the convenience or inconvenience of the parties to a particular case.   If such a rule were to obtain, the law of appeals might as well be abrogated at once. As illustrative of the contention of counsel for petitioner, we quote the following from his brief: "Let us suppose again that his opponent, by unusual dexterity, should get a jury to give a verdict in the cross-action against the plaintiff for the full amount of $50,000, and that he would be unable to give a bond staying proceedings (a thing not unlikely) in the sum of $100,- 000, would the right to appeal be adequate?   In such cases the appeal is not adequate, and, even if it were adequate, it is not speedy."   We would hardly be excused for assuming jurisdiction in this case upon a mere supposition that, in the event of our failing to do so, some litigant might be subjected to inconvenience.   If the law concerning appeals is not speedy enough to suit the convenience of litigants, it should be remedied by the proper authority.   The petition is denied.

Morgan and Sullivan, JJ., concur.