225 P.2d 466

SMITH v. YOUNG, Police Magistrate.
No. 7648.

Supreme Court of Idaho.

Dec. 14, 1950.

Chas. F. Reddoch, Eugene H. Anderson, Clarence Hillman and V. K. Smith all of Boise, for appellant.

C. Stanley Skiles, City Atty., Boise, for respondent.

PORTER, Justice.

On December 26, 1949, a complaint was filed in the Police Court of Boise City, charging appellant herein with driving a motor vehicle upon the streets of Boise City while under the influence of intoxicating liquor, in violation of a described ordinance of such city. To this complaint appellant demurred both generally and specially on the ground that said ordinance and the ordinance providing the punishment for violation thereof are void and unconstitutional. The police magistrate overruled the demurrers, entered a plea of not guilty on his own motion and set the case for trial on January 27, 1950.

On January 26, 1950, appellant filed an application for writ of prohibition in the district court of Ada County to arrest further proceedings in said police court in such matter. An alternative writ was issued. On February 1, 1950, appellant filed his amended application for writ of prohibition. On February 2, 1950, respondent

filed a motion to quash, praying that the application for writ be dismissed and the alternative writ be quashed. The matter was thereafter submitted to the district court whereupon the court made and entered an order and judgment quashing the alternative writ of prohibition and dismissing appellant's amended application for a permanent writ of prohibition. From such order and judgment, appellant appeals to this court.

By his specifications of error, appellant complains that the court erred in dismissing his amended application for writ of prohibition, in quashing the alternative writ of prohibition and in refusing to grant a permanent writ. In support of his position, appellant contends that the ordinances in question of the chartered City of Boise, are unconstitutional and void upon numerous grounds which grounds are set out in the amended application for writ of prohibition.

Respondent contests the alleged unconstitutionality of the ordinances. However, respondent first urges that the constitutionality of the ordinances may not be tested in this action for the reason that the other necessary requisites do not appear to make this·a proper case for the issuance of a writ of prohibition.

The question of whether this is a proper case for the issuance of a writ of prohibition will first engage our attention. Section 7-401, I.C., reads as follows: "The writ of prohibition is the counterpart of the writ of mandate. It arrests the proceedings of any tribunal, corporation, board or person, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person."

Section 7-402, I.C., is as follows: "It may be issued by any court except probate or justice's courts, to an inferior tribunal, or to a corporation, board or person in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law. It is issued upon affidavit on the application of the person beneficially interested."

In construing Sections 7-401 and 7-402, I.C., this court has uniformly held that before a writ of prohibition will issue to an inferior court, it must appear both that the inferior court is proceeding without or in excess of its jurisdiction and that there is not a plain, speedy and adequate remedy in the ordinary course of law. Olden v. Paxton, 27 Idaho 597, 150 P. 40; State ex rel. Bank of Eagle v. Leonardson, 51 Idaho 646, 9 P.2d 1028; Pfirman v. Probate Court, 57 Idaho 304, 64 P.2d 849; Murphy v. McCarty, 69 Idaho 193, 204 P.2d 1014.

A right of appeal is regarded as a plain, speedy and adequate remedy at law in the absence of a showing of exceptional circumstances or of the inadequacy of an appeal to protect existing rights. In Willman v. District Court, 4 Idaho 11, at page 13, 35 P. 692, at page 692, in denying a petition for writ of prohibition, this court said:

"The ruling of the district court may or may not be correct, but the law provides a 'plain, speedy, and adequate' means of testing that question by appeal. It never was the intention or meaning either of the common law or the statute that writs of prohibition or habeas corpus should take the place of appeals. We are not at all in accord with counsel's idea of what constitutes an 'adequate remedy.' The adequacy of a remedy is not to be tested by the convenience or inconvenience of the parties to a particular case. If such a rule were to obtain, the law of appeals might as well be abrogated at once. * * * If the law concerning appeals is not speedy enough to suit the convenience of litigants, it should be remedied by the proper authority." See also, Rust v. Stewart, 7 Idaho 558, 64 P. 222; Olden v. Paxton, supra; Pfirman v. Probate Court, supra.

The general rule as to when a writ of prohibition will or will not issue in a criminal case where the validity of a statute is challenged, is set out in 42 Am.Jur. 169, Par. 33, as follows: "Except in exceptional circumstances, as where a multiplicity of suits will be prevented, a writ of prohibition will not issue against a prosecution on the ground that the statute or ordinance under which the prosecution is instituted is invalid, when a plain remedy by appeal is afforded, unless it is made to appear that to require the applicant to pursue the remedy by appeal or writ of review will deprive him or seriously embarrass him in the exercise of some present right." See Annotation 113 A.L.R. 796, at page 800.

In Thompson v. Adair, 36 Idaho 790, on pages 793–94, 214 P. 214, 215, wherein a writ of prohibition was sought to restrain the district court from proceeding to try the petitioner upon an information filed against him, this court said: "Waiving for the time the question as to whether the petitioner is without a plain, speedy, or adequate remedy at law, to such an extent that this court should entertain jurisdiction to hear and determine the questions here presented on merit, it may be well to say that the questions here presented are such as might have been presented by the plaintiff upon an appeal from an adverse judgment against him, had the trial court proceeded to final judgment, and it is the rule of this court that it will not ordinarily entertain jurisdiction in this class of proceedings, unless the record shows that to refuse the writ will amount to a denial of substantial justice."

In Kaseris v. Justice Court, 65 Idaho 347, 144 P.2d 469, a criminal complaint was filed in the justice court in Bannock County. The defendant demurred on the ground that the alleged offense was committed in Power County and that the statute giving either county jurisdiction of offenses committed within 500 yards of the boundary line of two or more counties was unconstitutional. The demurrer was overruled and a petition for writ of prohibition filed in the district court and an alternative writ issued. Thereafter upon hearing, the al-

ternative writ was dissolved and a permanent writ refused. In upholding the judgment of the district court, this court 65 Idaho on page 351, 144 P.2d on page 471 said: "Moreover, this is not a proper case for the issuance of the temporary Writ of Prohibition. The grounds for the Writ were wholly insufficient to warrant its issuance. A demurrer was filed to the criminal complaint and overruled which raised the question of law here involved. Under such circumstances a Writ of Prohibition should not issue for the reason that appellant, if convicted would have had a plain, speedy and adequate remedy at law."

It is not contended by appellant that a plain right of appeal from the judgment of the police court to the district court has not been provided. See Section 57, subsection 5, Boise City Charter, Session Laws 1907, page 88; Sections 19-3937 to 19-3942, inclusive, I.C.

There are no circumstances shown in the amended application for writ of prohibition that are exceptional nor is it shown that any present right of applicant will be jeopardized by requiring him to pursue his remedy by appeal or that any hardships exist in this case over and above those ordinarily borne by a defendant in a criminal prosecution.

■ It appearing that appellant has a plain, speedy and adequate remedy at law by way of appeal, we must conclude that this is not a proper case under our statutes for the issuance of a writ of prohibi-

tion. This conclusion makes it unnecessary for us to pass upon the alleged unconstitutionality of the ordinances in question. However, we do not mean to hold that the constitutionality of a statute or ordinance may not be tested by writ of prohibition where the other legal requisites for the issuance of the writ are present in the case. The judgment of the district court is affirmed. Costs awarded to respondent.

GIVENS, C. J., and TAYLOR and KEETON, JJ., and McDOUGALL, District Judge, concur.