No. 19,257.

Donald L. Van Gundy *v.* Bernard P. O'Kane,
District Attorney, First Judicial District, et al.
(351 P. [2d] 282)

Decided February 29, 1960.

Mr. ELIAS J. CANDELL, for petitioner.

Mr. BERNARD P. O'KANE, District Attorney, Mr. LEON-ARD L. BEAL, Deputy, for respondents.

*En Banc.*

MR. CHIEF JUSTICE SUTTON delivered the opinion of the Court.

COMPLAINANT seeks a writ in the nature of prohibition directed to the County Court of Jefferson County, Colorado, to stay his re-arrest pending determination of this matter; to show cause why respondents should not be prohibited from proceeding with the prosecution in the county court; and to compel dismissal of the cause in that court for lack of jurisdiction. Following issuance of a rule to show cause, respondents filed their return and the matter is now at issue.

The basic facts are not in dispute. Complainant was arrested in July 1959 for alleged traffic violations, upon conviction of which his operator's license must be revoked. Subsequently, a complaint embracing these charges was filed in the Justice Court of Daniel J. Shannon, Justice of the Peace in Jefferson County. Complainant was released on bail, and was subsequently arraigned before the said Justice of the Peace, who received and entered his pleas of "not guilty" to each charge and set a date for trial. Complainant appeared on the day set and demanded a trial by jury, whereupon

Bernard P. O'Kane, District Attorney for the First Judicial District, made oral motion for a *nolle prosequi* in the justice court, with the consent and approval of the court, for the admitted purpose of commencing prosecution in another court of concurrent jurisdiction, viz., the County Court of Jefferson County. Thereafter, an identical complaint was filed in the County Court, and a warrant for Van Gundy's re-arrest issued. His "motion to dismiss," filed in the county court and averring substantially the same grounds here urged, was denied by that court.

Complainant urges two separate grounds for the granting of the writ:

1. The *nolle prosequi* entered in the justice court did not contain the public statement required by C.R.S. '53, 39-7-10; and

2. That the entry of a *nolle prosequi* in the justice court for the admitted sole purpose of refiling the action in another court of concurrent jurisdiction did not relieve the justice court of jurisdiction so that another court might take jurisdiction of the cause.

Though the statute in question is mandatory and district attorneys are bound thereby, we will not at this time determine the first ground since complainant's second one fully sustains his position and is determinative of the matter.

█ Original jurisdiction, concurrent with county and district courts, is conferred upon justices of the peace in all cases of misdemeanor by C.R.S. '53, 79-15-3. C.R.S. '53, 79-15-4, provides that "In all trials before justices of the peace for offenses within their jurisdiction, the defendant may demand a jury, * * * ."

█ No provision is to be found anywhere in the statutes authorizing the transfer from the justice court to the county court in cases where the state has initiated action in the justice court but later determines that it would be more desirable, ostensibly because a defendant had the audacity to demand a jury trial, to try the case in the county rather than the justice court.

In 117 A.L.R. 423 appears an annotation entitled "Nolle prosequi or discontinuance of prosecution in one court and instituting new prosecution in another court of co-ordinate jurisdiction." At page 424 it is stated in pertinent part:

" * * * the view finding the greater amount of judicial support is that the court which first acquired jurisdiction when a prosecution was commenced therein loses such jurisdiction by the entering of a nolle prosequi, and that thereafter another prosecution may be carried on in another court of coordinate jurisdiction. (Citing cases.).
" * * * .

"In other cases, however, the practice of nol-prossing an action in one court and instituting another prosecution in a court of co-ordinate jurisdiction has been condemned as resulting in a violation or evasion of a statute, or an attempt on the part of the district attorney to accomplish indirectly what could not be done directly, it being held that the court in which the subsequent prosecution was instituted did not acquire jurisdiction. State v. Milano (1916) 138 La. 989, 71 So. 131; Coleman v. State (1904) 83 Miss. 290, 35 So. 937, 64 L.R.A. 807, 1 Ann. Cas. 406. But see Rogers v. State (1912) 101 Miss. 847, 56 So. 536, infra.

"And the practice was condemned in United States v. Jones (1926) 7 Alaska, 378, although it was there held that the second court acquired jurisdiction."

*United States v. Jones* supra discusses the rationale behind the rules that have been developed:

"While the practice of initiating a criminal action in one court having jurisdiction, and dismissing it, and thereafter bringing the action in another court of concurrent jurisdiction for the same crime, is strongly to be condemned, yet there may be cases where the lack of evidence, or defect in the complaint, or other similar causes, would influence the prosecution to dismiss a criminal case pending before the justice court. To say that such dismissal before the justice court would be a

bar to other prosecution before the district court upon an indictment found by the grand jury, perhaps upon competent testimony, would not in my judgment be a good precedent to establish * * * ."

Inherent in the Jones language and in that of our statute relating to *nolle prosequi* is the concept that there must be a *valid reason* before a dismissal can occur. If such is the case, upon filing of the motion the district attorney may, and should, have the case dismissed. If at a later date, because of some change in conditions, and assuming that jeopardy has not attached, the state determines that the case may be successfully prosecuted and a conviction obtained, there can be no valid objection to re-initiating the action either in the original court or in one of co-ordinate jurisdiction. Under the facts before us, however, that rule does not apply. Here no valid grounds have been shown for dismissing the action; there was no intention to discontinue the cause, on the contrary the sole purpose of the prosecutor was to choose another court as a more desirable forum, placing the defendant on trial before a jury under less favorable circumstances than in the justice court where the jury is empowered to determine both the law and the facts.

It is not disputed that the practice has been established of nol-prossing complaints in the justice court in cases where the defendant demands a jury trial. The prosecutor's motives for doing so are a matter of debate between these parties. However, whatever his motives, it is the effect and not the cause which is to be condemned.

The practice complained of, even if warranted under different facts, is not permissible in the instant case. It can only unduly harrass the defendant by subjecting him to multiple arrest and confinement for the same offense; unduly increases the financial burden upon him by subjecting him to double bail bond expense and increased attorney's fees. It has the effect of writ-

ing out of the statutes the declaration of the legislature that defendants are entitled to a jury trial if demanded when the state chooses to prosecute them in the justice court.

In *State v. Sawyer* (1952), 220 La. 932, 57 So. (2d) 899, the court stated: " * * * it is a well-established rule of law that, where two courts have concurrent jurisdiction over the same subject matter, the court which first obtains jurisdiction retains it to the end of the controversy to the exclusion of all others. (Citing many authorities including *State v. Milano* supra.)."

It was stated in *Milano*:

"In Coleman v. State, 83 Miss. 290, 35 South. 937, 64 L.R.A. 807, * * * It was said that the statute, providing that jurisdiction of a criminal case of which two or more courts had concurrent jurisdiction should vest in the court where the prosecution was begun, was only declaratory of a well defined and firmly established legal doctrine, recognized in the comity of courts and necessary for an orderly administration of justice.

"In Ex parte Baldwin, 69 Iowa, 502, 29 N.W. 428, it was said of this doctrine:

" 'It is in accord with the familiar rule prevailing everywhere, that where courts have concurrent jurisdiction the court where jurisdiction first attaches must retain the case for final disposition. Authorities need not be cited to support this familiar elementary rule. But few cases are or can be cited announcing the rule, doubtless for the reason that it is rarely, if ever, disputed or doubted.'

"The abandonment of a prosecution, in a court having jurisdiction, for an alleged violation of a sumptuary or blue law, and the institution of the prosecution, for the same offense, in another court of concurrent jurisdiction, under the circumstances and for the apparent purpose for which it was done in this case, is not calculated to increase the respect that is due to the courts; and we

would not be inclined to encourage the practice, if we had no precedent for our present ruling."

In the instant case we have on our own motion elected to treat complainant's motion to dismiss as a plea in abatement in the county court in order to resolve this matter without sending it back for further proceedings. The action in the county court is ordered stayed and the Rule is made absolute.