**DISTRICT OF COLUMBIA, Appellant,**

v.

**Eddie BENEFIELD, Appellee.**

Nos. 4582, 4583.

District of Columbia Court of Appeals.

Argued Oct. 21, 1968.

Decided Nov. 29, 1968.

---

Leo N. Gorman, Asst. Corporation Counsel, with whom Charles T. Duncan, Corporation Counsel, Hubert B. Pair, Principal Asst. Corporation Counsel, and Richard W. Barton, Asst. Corporation Counsel, were on the brief, for appellant.

Ralph J. Temple, with whom Monroe H. Freedman and Patricia H. Latham, Washington, D. C., were on the brief, for appellee.

Before MYERS, FICKLING and KERN, Associate Judges.

PER CURIAM:

Two cases (traffic and disorderly conduct) had been continued for trial previously, once at the request of appellee and once by mutual consent of the government and appellee. On the third trial date, the government, over the objection of defense counsel, requested a short continuance to secure an essential witness who had been brought to its attention the previous evening. The trial court denied the request and insisted that the government proceed with the trial. The prosecutor was not allowed to nol-pros the cases and, when the government refused to proceed, the trial court swore-in appellee and his witness. (No government witnesses were present, having been excused by the prosecutor in expectation of securing a continuance.) Appellee pled not guilty to the charges, and findings of not guilty were entered without any evidence having been heard.

■ Appellant contends that the action of the trial court in refusing to permit the government to nol-pros the informations and in making the findings of not guilty without a trial were erroneous.

On numerous occasions we have said that the right of the prosecutor to nol-pros a case is not subject to judicial control unless exercised by the prosecutor in a scandalous or corrupt manner, or shown to be capricious and vexatiously repetitious.[1] There is no such showing on this record. In fact, defense counsel stated to the trial judge that he had no doubt that the prosecutor was acting in good faith when he requested a continuance.

In United States v. Foster, supra note 1, a case factually similar to the instant case including the swearing-in of witnesses, we held that a trial had not begun, therefore, jeopardy had not attached and that the finding of not guilty was error. We agree that it was also error to make such findings in the instant case.

■ In cases where the government refuses to proceed with the prosecution of a case when directed to do so by the court, we suggest that the appropriate action for the trial court to take is to dismiss the case for want of prosecution, with or without prejudice depending upon the circumstances.

Reversed with instructions to vacate findings of not guilty.

1. United States v. Foster, D.C.App., 226 A.2d 164 (1967); District of Columbia v. Dixon, D.C.App., 230 A.2d 481 (1967), vacated on other grounds, D.C.Cir., 394 F.2d 966 (1968); Smith v. District of Columbia, D.C.App., 219 A.2d 842 (1966), vacated on other grounds, 128 U.S.App. D.C. 275, 387 F.2d 233 (1967); District of Columbia v. Weams, D.C.App., 208 A. 2d 617, 618 (1965).