573 P.2d 148

The STATE of Idaho ex rel. Jay A. KOHLER, Petitioner,

v.

The Honorable Francis J. RASMUSSEN and the Honorable George W. Hargraves, District Judges, Sixth Judicial District, State of Idaho, Respondents,

Gerald Scott McCracken, Real Party in Interest.

No. 12615.

Supreme Court of Idaho.

Dec. 28, 1977.

Wayne L. Kidwell, Atty. Gen., James F. Kile, Asst. Atty. Gen., Boise, for petitioner.

D. James Manning, of Racine, Huntley & Olson, Pocatello, for respondents.

PER CURIAM:

Petitioner State of Idaho applied for an alternative writ of mandate directing respondents, two district court judges, to show cause why this Court should not order them to vacate the dismissal of a criminal information against Gerald Scott McCracken, the real party in interest. The district court had dismissed the information on the ground that McCracken was not tried within the time period required by I.C. § 19–3501. We granted an alternative writ of mandate and heard arguments on the matter on October 18, 1977. After due consideration of the issues raised and the state of the record before this Court, we conclude that the writ was improvidently granted.

The alternative writ of mandate is quashed.

BISTLINE, Justice, specially concurring.

I am in agreement with the substance of the Court's opinion. However, there is one additional point which I would like to make. In this case the information against McCracken was dismissed by the district court for failure to try him within time limitations set by I.C. § 19–3501. The State has argued in its brief that this statute has been impliedly repealed, stating that "procedural rules are within the inherent power of this Court. Idaho Code § 1–212; *R.E.W. Construction Company v. District Court*, 88 Idaho 426, 400 P.2d 390 (1965)." The State suggested that Idaho Criminal Rule 48 should now be controlling. The State made basically the same contention in both *State v. Stockwell*, 573 P.2d 116 (Idaho, filed December 2, 1977), and *Rufener v. Shaud*, 573 P.2d 142 (Idaho, filed December 2, 1977), where they urged that Rule 48 re-

placed I.C. § 19–3505, and therefore, there was no obligation on the part of the trial court to set forth its reasons for dismissing a case. I.C. § 19–3501 and § 19–3505, together with four other statutes, are all part of Chapter 19 of the Idaho Criminal Code, and have been so for over 110 years. These statutes contain important substantive provisions of our criminal justice system. If they are to be amended or repealed, that task is for the legislature alone. The State, through the Office of the Attorney General, keeps pressing this Court to legislate in areas of substantive law under the guise of its procedural rulemaking powers. This we should not, and indeed cannot, do.

At oral argument the State conceded that it had not considered merely refiling the criminal action, which is permissible by the substantive provisions of I.C. § 19–3506, and hence I am in agreement that there is no occasion for us to take up the matter of the district court dismissals in a mandamus proceeding.