Filed 2/14/14  P. v. Cordova CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>BRANDON X. CORDOVA,<br><br>　　　　　Defendant and Appellant. | B248017<br><br>(Los Angeles County<br>　Super. Ct. No. KA093655) |

APPEAL from the judgment of the Superior Court of Los Angeles County. Bruce F. Marrs, Judge.  Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Herbert S. Tetef, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

This is the second appeal by defendant and appellant Brandon X. Cordova following trial and conviction on two counts of assault with a firearm and two counts of making criminal threats. In the first appeal, defendant challenged his conviction, asserting both evidentiary and sentencing errors. In an unpublished decision, we affirmed defendant's conviction, but reversed for a new sentencing hearing, concluding there had been sentencing error pursuant to Penal Code section 654 (*People v. Cordova* (Oct. 11, 2012, B235226) (*Cordova I*).)

On remand, the trial court held a new sentencing hearing and imposed an aggregate state prison term of 16 years 4 months. Defendant brings this second appeal on the grounds the court committed prejudicial error by failing to state its reasons on the record for imposing consecutive sentences on the two assault counts. We conclude any failure by the trial court to adequately state the reasons for its sentencing choices was harmless, and therefore affirm.

## FACTS AND PROCEDURAL BACKGROUND

We refer to the factual summary set forth in *Cordova I*, setting forth only those facts germane to our discussion of the limited issue presented by this appeal.

Defendant was charged with two counts of assault with a firearm in violation of Penal Code section 245, subdivision (a)(2) (counts 1 and 2), and two counts of making criminal threats in violation of section 422 (counts 3 and 4). It was also specially alleged, as to all four counts, that defendant personally used a firearm in the commission of the offenses within the meaning of section 12022.5, subdivision (a).[1] Defendant pled not guilty and denied the special allegations. (*Cordova I*, *supra*, B235266, pp. 2-3.)

The charges against defendant arose from an incident that occurred on March 14, 2011, when defendant and his accomplice, Placeres, confronted two minor victims (15-year-old twin brothers), who were walking home from school. Defendant and Placeres

_____

[1] Defendant was charged with a codefendant (Carmello Placeres) who is not a party to this second appeal.

drove up in a black Honda. Placeres was driving and defendant was in the front passenger seat. Defendant made repeated verbal threats to the brothers, including threatening to shoot them while pointing a gun directly at them. Defendant also repeatedly made gang references to the brothers. After defendant and Placeres drove off, the brothers ran home and called 911. Later that same day, officers from the Baldwin Park Police Department located and arrested defendant. (*Cordova I*, *supra*, B235266, pp. 3-6.)

Several days after the incident, one of the brothers received a telephone call from defendant, who threatened and cursed at him and called him a "little bitch." Both brothers were fearful and their family was considering moving from the neighborhood out of fear of gang retaliation against them for the boys having contacted the police about the incident. (*Cordova I*, *supra*, B235266, p. 6.)

The jury convicted defendant on all four counts and found true the special gun use allegations. The court imposed an aggregate state prison term of 18 years, calculated as follows: the upper term of four years on count 1 (Pen. Code, § 245, subd. (a)(2)), and the upper term of 10 years on the firearm enhancement (§ 12022.5, subd. (a)); seven years on count 2, stayed (§ 245, subd. (a)(2)); and two-year consecutive terms on counts 3 and 4 (criminal threats), consisting of one-third the middle term on the offense, and one-third the middle term on the firearm enhancement (§§ 422, 12022.5, subd. (a)). Defendant was awarded custody credits of 179 days. (*Cordova I*, *supra*, B235266, pp. 8-9.)

In the first appeal, we affirmed defendant's conviction, but reversed in part and remanded for a new sentencing hearing, concluding the trial court erred in staying the sentence on count 2 pursuant to Penal Code section 654 because defendant had committed two separate acts of assault on two different victims, and each assault was separately punishable. We also found the court erred by *not* staying the terms imposed on counts 3 and 4, because the criminal threats convictions were based on the same acts committed with the same intent and objective as the two assault counts. (*Cordova I*, *supra*, B235266, pp. 13-15.) The trial court was directed, on remand, to stay imposition of sentence on counts 3 and 4 pursuant to section 654, and to hold a new sentencing

3

hearing and reconsider its sentencing choices as to the remaining counts. (*Id*. at pp. 16-17.)

A new sentencing hearing was held February 7, 2013. Defense counsel asked the court to take into consideration defendant's good behavior during the first year of incarceration, that he was awaiting various courses at the prison to improve himself, and that he had come to appreciate the seriousness of his offenses and expressed great remorse for his crimes. Counsel stated the court had discretion to consider the mitigating factors and lower the sentence on count 1 to the low or middle term, instead of the upper term, and recommended a maximum aggregate sentence of no more than nine years four months.

The prosecutor argued the original sentence on count 1 of the upper term on both the offense and the enhancement was proper given the gravity of the offense and because defendant took the stand and lied to the jury.

After listening to the argument of counsel, the court noted its receipt of nine letters of recommendation submitted on defendant's behalf and acknowledged defendant's expression of remorse. The court then stated, we "cannot lose sight of the fact that a gun was used on multiple victims who were highly vulnerable walking down the street. [Defendant] was in a car, had the advantage of mobility. And certainly could have taken their lives at any moment. . . . [¶] We also have to recall that he was on probation at the time of the offense and had had two prior camp placements; again, structured environments. And that didn't do any good. [¶] So that leaves us with the issue of sentencing. The court feels, given the structure of what happened, and what was the overall surrounding circumstances, that as to Count 1, the high-term remains appropriate, 4 years. [¶] And because of the multiple victims and the gun use, the high-term of 10 years is appropriate for a total of 14 years." On count 2, the court imposed, in accordance with Penal Code section 1170.1, subdivision (a), a consecutive term of two years four months, consisting of one-third the middle term for the offense and the gun use enhancement.

4

At the conclusion of the court's imposition of sentence, the court stated: "I know it's a stiff sentence, Mr. Cordova. The activities and the way the crime was committed, it deserves a stiff sentence."

This appeal followed.

## DISCUSSION

The trial court's decision to impose consecutive sentences on counts 1 and 2 constituted a sentencing choice under the determinate sentencing law that required the court to state its reasons for so ordering. (Pen. Code, § 1170, subd. (c); *People v. Champion* (1995) 9 Cal.4th 879, 934 (*Champion*).) Defendant argues the court's failure to separately state its reasons for imposing consecutive terms makes the record unclear as to whether an improper dual use of facts occurred in the imposition of both the upper term on count 1 and the decision to impose consecutive terms. We do not agree.

As an initial matter, respondent contends defendant failed to formally object at the sentencing hearing to the court's purported failure to state its reasons for imposing a consecutive sentence and has therefore forfeited the issue on appeal. Defendant argues he made a "de facto" objection at the hearing by arguing for a mitigated sentence with concurrent terms (or alternatively that trial counsel was ineffective for failing to properly object). The record does not clearly demonstrate counsel expressly asked for a concurrent term on count 2, as opposed to mitigation of sentences, and respondent may therefore be correct that the point is properly deemed forfeited under *People v. Scott* (1994) 9 Cal.4th 331. However, we need not decide whether defendant forfeited this challenge, because even assuming there was error it was harmless. (*People v. DeHoyos* (2013) 57 Cal.4th 79, 155 [court's alleged failure to adequately recite reasons for sentencing choices is reviewed for harmless error]; accord, *Champion*, *supra*, at p. 934; *People v. Davis* (1995) 10 Cal.4th 463, 551-552.)

The consecutive terms on counts 1 and 2 were properly imposed based *solely* on the fact there were two separate victims; the jury having determined that each brother was the victim of assaultive behavior by defendant. (Cal. Rules of Court, rule 4.425(a)(2); *People v. Shaw* (2004) 122 Cal.App.4th 453, 459 ["court may impose consecutive terms

5

of imprisonment where the criminal act is an act of violence against separate individuals and rule 4.425 and [Penal Code] section 654 do not prohibit multiple punishment under that circumstance"]; accord, *Champion*, *supra*, 9 Cal.4th at pp. 934-935.) That was the basis on which we reversed the sentence for count 2 and remanded for re-sentencing -- the trial court had failed to separately punish the assaults against the two separate victims. We presume the trial court found it unnecessary to specifically explain that its choice of a consecutive sentence was based on defendant's acts of violence against two victims, since that was the only reason the case was again before the court for re-sentencing on count 2. The existence of just one criterion, such as multiple victims, is sufficient to impose a consecutive sentence. (*People v. Bravot* (1986) 183 Cal.App.3d 93, 98.)

Further, the court did not fail to identify the bases for its sentencing choices. Rather, the court, before imposing sentence, recited the multiple different criteria it deemed significant to the sentencing calculus, including highly vulnerable, minor victims, the fact defendant was in a position of advantage in a car with an accomplice when the two minors were on foot, that defendant was on probation at the time of the incident, and that defendant had two prior camp placements that had not curtailed defendant's acts of violence. (Cal. Rules of Court, rule 4.421.) While defendant is correct that defendant's use of a gun could not be deemed an aggravating factor to impose the upper term on the assault in count 1 in light of the court's imposition of sentence on the gun use enhancement, the record nonetheless fairly reflects the court could have properly relied on any one of the other aggravating factors recited to impose the upper term on count 1. "Only a single aggravating factor is required to impose the upper term." (*People v. Osband* (1996) 13 Cal.4th 622, 728-729.)

Though the court acknowledged defendant's effort to express remorse, the court's statements on the record plainly reflect the court believed the aggravating factors outweighed any mitigating factors. The court underscored its belief that defendant's assaults on the two minor brothers was a serious offense that warranted a "stiff sentence." The court therefore not only identified several lawful bases upon which both the upper

6

term on count 1 and consecutive sentences could be imposed, but made it clear it thought a long sentence was appropriate.

Whether or not it may be better practice for a trial court to separately state the reasons for its sentencing choices when imposing both an upper term and consecutive terms, there is no authority for the proposition that it was error for the court here to recite the numerous factors that adequately supported all of those sentencing choices at the outset of its ruling.

In any event, defendant has not shown it is reasonably probable that a more favorable sentence" would be imposed on remand. (*People v. Avalos* (1984) 37 Cal.3d 216, 233 [remand for resentencing not required where it is "not reasonably probable that a more favorable sentence would have been imposed in the absence of the error"].) Indeed, the record shows that if remanded yet again, the outcome would not be altered. For the same reason, the record does not support a finding of ineffective assistance of defense counsel. (*Strickland v. Washington* (1984) 466 U.S. 668, 694-696.)

## DISPOSITION

The judgment is affirmed.


GRIMES, J.



We concur:


BIGELOW, P. J.


FLIER, J.


7